Filed 5/10/21  P. v. Vargas CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　Plaintiff and Respondent,<br><br>　　v.<br><br>CHRISTOPHER VARGAS,<br><br>　　Defendant and Appellant. | G058503<br><br>(Super. Ct. No. 16NF3321)<br><br>O P I N I O N |

　　　　　　Appeal from a judgment of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affirmed.

　　　　　　Forest M. Wilkerson, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　　　Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal, Susan Elizabeth Miller and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

After pleading guilty to two counts of driving under the influence (DUI) causing injury, appellant Christopher Vargas was placed on felony probation. On appeal, he contends the trial court erred in denying his request for mental health diversion pursuant to Penal Code section 1001.36.[1] Because DUI is not a divertible offense under that statute, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On the night of July 10, 2016, appellant was driving on the Imperial Highway in Brea when he barreled through a red light at the 57 Freeway interchange. Appellant's car plowed into another vehicle that was in the intersection, seriously injuring its two occupants. When interviewed by officers at the scene, appellant admitted he had been drinking that evening, and subsequent testing revealed his blood-alcohol level was over twice the legal limit.

As a result of the incident, appellant was charged in a two-count felony complaint with DUI causing injury and driving with a blood-alcohol content of .08 percent or more causing injury. (Veh. Code, § 23153, subds. (a) & (b).) The complaint included enhancement allegations that appellant's blood-alcohol level exceeded .15 percent, he injured more than one person and he inflicted great bodily injury on his victims. (Veh. Code, §§ 23578, 23558; § 12022.7, subd. (a).)

In April 2018, over a year into the case, appellant went to the Veterans Affairs (VA) clinic in Long Beach for help. As a marine veteran with several tours of duty under his belt, he was diagnosed with Post Traumatic Stress Disorder (PTSD) and alcohol dependency. He was also found to have a traumatic brain injury that was attributable to his military service. Given these findings, appellant was enrolled in an alcohol treatment program and began receiving a wide range of services from the VA.

---

[1] Unless noted otherwise, all further statutory references are to the Penal Code.

A few months into the program, defense counsel filed a motion for mental health diversion under section 1001.36.[2] In support of the motion, defense counsel presented documentation from appellant's service providers indicating he was doing well in treatment. In light of that, and considering this case was appellant's first brush with the law, defense counsel contended appellant was a good candidate for diversion. The prosecutor disagreed. In opposing appellant's diversion request, he argued appellant's PTSD did not play a significant role in the charged offenses, and he posed an unreasonable risk to public safety.

Over the next several months, the parties filed supplemental arguments in support of their respective positions. Defense counsel also supplied the trial court with documentation regarding appellant's progress in treatment. By all accounts, appellant was doing well on his treatment plan, and his providers were optimistic about his prospects for recovery.

Ultimately, however, the trial court denied appellant's request for diversion. Adopting the prosecutor's position on the issue, the trial court concluded appellant was unsuitable for diversion because there was not a significant link between his PTSD and his alleged crimes, and he posed an unreasonable danger to the community.

Having lost that battle, appellant pleaded guilty to the charged offenses and admitted all of the enhancement allegations. Although he was facing a maximum sentence of nine years in prison, the trial court placed him on felony probation subject to various conditions, including successful completion of his treatment program. The court recognized this disposition was "extremely lenient." However, it felt probation was justified given appellant's military service and his demonstrated commitment to treatment.

---

[2] The motion also requested diversion under the military diversion program set forth in section 1001.80. However, appellant subsequently abandoned his request for military diversion, and his suitability for such is not an issue in this appeal.

DISCUSSION

Appellant contends the trial court erred in denying his request for mental health diversion under section 1001.36. That claim is grounded in the factual circumstances surrounding his case. Appellant simply does not believe the record supports the trial court's stated reasons for denying his request for diversion. And he may be correct about that – especially considering the significance and commendable progress he has made in the fight against his demons. But there is another problem with his case that requires us to affirm the trial court's decision.

To appellant's credit, he recognizes two recent decisions bearing on his eligibility for diversion under section 1001.36, *Tellez v. Superior Court* (2020) 56 Cal.App.5th 439 (*Tellez*) and *Moore v. Superior Court* (2020) 58 Cal.App.5th 561 (*Moore*). In fact, appellant candidly admits that *Tellez* and *Moore* construed section 1001.36 to preclude mental health diversion for offenders, like himself, who were charged with DUI. Appellant argues *Tellez* and *Moore* were wrongly decided, but we disagree and find he is statutorily ineligible for mental health diversion as a matter of law due to the nature of his crimes. We therefore do not reach the question of whether the trial court's decision was errant from a factual standpoint.

The starting point for our analysis is not section 1001.36, but Vehicle Code section 23640, which sets forth a general prohibition against diversion in DUI cases. Enacted in 1999, Vehicle Code section 23640 states:

"(a) In any case in which a person is charged with a violation of [Vehicle Code] Section 23152 [DUI] or 23153 [DUI causing injury], prior to acquittal or conviction, the court shall neither suspend nor stay the proceedings for the purpose of allowing the accused person to attend or participate, nor shall the court consider dismissal of or entertain a motion to dismiss the proceedings because the accused person attends or participates during that suspension, in any one or more education, training, or treatment programs, including, but not limited to, a driver improvement program, a treatment

4

program for persons who are habitual users of alcohol or other alcoholism program, a program designed to offer alcohol services to problem drinkers, an alcohol or drug education program, or a treatment program for persons who are habitual users of drugs or other drug-related program."

By its terms, this statute applies to appellant because he was charged with two counts of DUI causing injury in violation of Vehicle Code section 23153. On its face, it would prohibit diversion. Nevertheless, appellant contends he was eligible for diversion pursuant to section 1001.36, which was enacted in 2018.

Under subdivisions (a) and (b)(1) of section 1001.36, the trial court may grant pretrial diversion to a defendant who is accused of committing a misdemeanor or felony offense if certain conditions are met. Among other things, the trial court must be satisfied the defendant has a qualifying mental disorder that was a significant factor in his charged crimes, and he will not pose an unreasonable risk to public safety. (§ 1001.36, subds. (b)(1)(A), (B) & (F).) However, even if all of the enumerated conditions are met, subdivision (b)(2) of the statute carves out an exception for some offenses. Pursuant to that subdivision, diversion may not be granted if the defendant is charged with murder, voluntary manslaughter, rape, certain sex offenses, or using a weapon of mass destruction. (§ 1001.36, subd. (b)(2)(A)-(H).)

Appellant's alleged crime of DUI causing injury is not listed among the excepted offenses set forth in subdivision (b)(2) of section 1001.36. That omission is the basis of his argument he is eligible for diversion, assuming all of the conditions listed in the statute are satisfied. However, while a statement of limited exceptions generally implies that others do not exist (*Moore, supra*, 58 Cal.App.5th at pp. 579-580), that rule of statutory construction does not apply in this case. That's because irrespective of section 1001.36, subdivision (b)(2), defendants charged with DUI are categorically excluded from diversion eligibility by virtue of Vehicle Code section 23640. Given that section's general prohibition against diversion in DUI cases, there was no need for the

5

Legislature to include DUI among the list of excepted offenses in subdivision (b)(2) of section 1001.36. To do so would have amounted to a redundancy.

There is another, more compelling, reason why defendants charged with DUI are ineligible for mental health diversion under section 1001.36. As explained in *Tellez* and *Moore,* that reason becomes apparent upon comparing the legislative history of section 1001.36 with the legislative history of the military diversion statute, section 1001.80.

As originally enacted in 2014, section 1001.80 was silent as to whether defendants charged with DUI were eligible for military diversion. Although the statute stated that it applied to misdemeanors generally, it made no mention of Vehicle Code section 23640 or DUI offenses in particular. Some courts interpreted that to mean misdemeanor DUI's were included under the statute, and some courts interpreted that to mean they were not. While the issue was pending in the California Supreme Court, the Legislature amended section 1001.80 to make its intentions clear. (See *Tellez, supra,* 56 Cal.App.5th at pp. 444-447 [explaining the legislative history of section 1001.80]; *Moore, supra,* 58 Cal.App.5th at pp. 575-576 [same].) During its 2017-2018 session, the Legislature amended section 1001.80 to add subdivision (l). That subdivision states, "Notwithstanding any other law, including Section 23640 of the Vehicle Code, a misdemeanor offense for which a defendant may be placed in a pretrial diversion program in accordance with this section includes a misdemeanor violation of Section 23152 or 23153 of the Vehicle Code."

During the very same legislative session, the Legislature enacted section 1001.36, dealing with mental health diversion. When that law was first introduced in the Senate, it contained a provision stating that section 1001.36 applied notwithstanding any other law. However, that provision was deleted. It is not included in the final version of the statute. Instead, the Legislature abandoned the "notwithstanding any other law" language and replaced it with the list of nondivertible offenses set forth in section

6

1001.36, subdivision (b)(2).  (See *Tellez, supra,* 56 Cal.App.5th at pp. 445-447; *Moore, supra,* 58 Cal.App.5th at pp. 576-578.)

As the court in *Tellez* explained:  "This history establishes that the Legislature wanted the existing bar on diversion for DUI offenses [contained in Vehicle Code section 23640] to take precedence [over section 1001.36].  The Legislature was familiar with the conflict between Vehicle Code section 23640 and diversion statutes and knew how to clarify that the diversion statute should control over the Vehicle Code, having recently confronted the issue with respect to military diversion.  What is more, the earlier version of [section 1001.36] would have clarified that mental health diversion applied notwithstanding any other law, but the Legislature abandoned that 'notwithstanding' clause in the final version of [the law].  The Legislature's failure to amend . . . section 1001.36 in the same way that it had recently amended the military diversion statute [by adding subdivision (l) to section 1001.80] indicates that the Legislature did not intend to override Vehicle Code section 23640.  Instead, the Legislature intended that the decades-old prohibition against diversion for DUI offenses should prevail."  (*Tellez, supra*, 56 Cal.App.5th at p. 448.)

The court in *Moore* court agreed, finding "the Legislature's failure to add a provision like . . . section 1001.80, subdivision (l), to . . . section 1001.36 during the same legislative session in which it enacted subdivision (l) of . . . section 1001.80, strongly indicates that the Legislature did not intend to impliedly repeal Vehicle Code section 23640 insofar as it operates to bar DUI defendants from eligibility for pretrial mental health diversion under . . . section 1001.36."  (*Moore, supra*, 58 Cal.App.5th at pp. 576-577.)

We find the reasoning of *Tellez* and *Moore* persuasive and adopt it in this case.  Based on the legislative history of sections 1001.36 and 1001.80, it seems clear the Legislature did not intend section 1001.36 to be exempt from the general prohibition against diversion set forth in Vehicle Code section 23640.

7

In arguing otherwise, appellant contends *Tellez* and *Moore'*s interpretation of Vehicle Code section 23640 is overly broad and creates disharmony in the statutory diversion scheme as a whole. He claims there are several features of the statute that indicate it has a limited reach and was never intended to apply to his particular situation. For example, while Vehicle Code section 23640 prohibits diversion for alleged violations of Vehicle Code section 23152 and 23153, it does not mention the more serious DUI offense of gross vehicular manslaughter while intoxicated. (Veh. Code, § 191.5, subd. (b).)

Appellant also points out that Vehicle Code section 23640 says nothing about the source of the defendant's drinking problem. He takes that to mean the statute was intended to have general application when there is no evidence the defendant suffers from a psychological disorder. But when the defendant's drinking problem stems from a mental health issue such as PTSD, then section 1001.36 should prevail in order to ensure the defendant receives proper treatment for that issue.

Appellant's attempt to limit the reach of Vehicle Code section 23640 is unavailing. "For nearly 40 years, [that statute] and its predecessor, Vehicle Code former section 23202, have generally made DUI defendants categorically ineligible for any form of pretrial diversion." (*Moore, supra*, 58 Cal.App.5th at p. 568.) "Vehicle Code former section 23202[] was enacted in 1981, along with other changes and additions to the Vehicle Code, 'in response to growing public concern about intoxicated drivers.' [Citation.]" (*Id*. at p. 570.) The underlying intent of the statute was to ensure "'all driving under the influence defendants, without exception, shall have their guilt or innocence determined *without delay or diversion*.' [Citation.]" (*Id*. at p. 571.)

Alas, we must decline appellant's invitation to construe Vehicle Code section 23640 in a narrow fashion. There is nothing in the wording or history of the statute that suggests it should not apply to cases, such as the present one, where the

8

defendant seeks to have his DUI prosecution diverted for mental health treatment pursuant to section 1001.36.

In coming to this conclusion, we recognize sections 1001.36 and 1001.80 currently stand at odds with each other. Whereas a defendant charged with misdemeanor DUI is eligible for military diversion under section 1001.80, he would not be eligible for mental health diversion under section 1001.36. But, as we have explained, the legislative history of the two statutes indicates that result was fully intended by the Legislature. Although public policy may favor greater parity between the military and mental health diversion schemes, "it is for the Legislature to strike the proper balance between protecting public safety and mitigating the entry and reentry into the criminal justice system of individuals with mental disorders. The Legislature has struck this balance by declining to make DUI defendants eligible for pretrial mental health diversion." (*Moore, supra*, 58 Cal.App.5th at p. 581.) We are not at liberty to second-guess the wisdom of this decision.

Given the nature of appellant's crimes, we conclude he is statutorily ineligible for mental health diversion under section 1001.36 by virtue of the general prohibition against diversion for DUI defendants set forth in Vehicle Code section 23640. Although the trial court denied appellant's diversion request for other reasons, our role as an appellate court is to review results, not reasoning. (*D'Amico v. Board of Medical Examiners* (1974) 11 Cal.3d 1, 19, 112.) While we applaud appellant's efforts, we conclude that because the trial court reached the correct result in denying appellant's diversion motion, we cannot disturb its ruling.

However, our decision in that regard is not intended to preclude appellant from seeking the restorative remedies available under section 1170.9, subdivision (h). Although it does not appear appellant was sentenced under that provision, he has every right to pursue those remedies once he satisfies the requirements for such.

DISPOSITION

The judgment is affirmed.


                                        BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.